# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

PATRICK N. ANDERSON, :

    Plaintiff, :

vs. : CA 09-0577-KD-C

MICHAEL J. ASTRUE, :
Commissioner of Social Security,

    Defendant. :

## REPORT AND RECOMMENDATION

This matter is before the undersigned on Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust His Administrative Remedies, (Doc. 12) filed December 15, 2009. After consideration of the motion and the Court record, it is the undersigned's recommendation that it be **GRANTED**.

**I.    Background.**

On September 4, 2009, Plaintiff filed the instant complaint (Doc. 1) asking for a "permanent injunction enjoining the Defendant's [sic] in any active concert of participation from engaging in any oppressive, unconscionable, unfair, outrageous, and unreasonable practice." (*Id*. at 1.) Plaintiff's complaint also prays for "a [possibly separate] permanent injunction engaging [sic] the Defendant's [sic] in any concert of

participation from engaging in any unconscionable, and illegally discriminatory, provision, ambiguities, clauses, and any other technicalities." (*Id.*)  Finally, Plaintiff requests that he be awarded $100,000,000, without explanation.  (*Id.*)

In his Brief in Support of the Plaintiff's Verified Complaint (Doc. 2), Plaintiff stretches the limit of the undersigned's sense of understanding.  A sample paragraph:

> New York Central R.R. versus White, 243 U.S. id. At 201 (1917), it stated the court did seem twice to suggest that abolition without reasonable substitution/option would raise a Due Process problem.  The claimant's Patrick Neal Anderson argue if the honorable District Court refuse to hear this case because lack of jurisdiction.  The Social Security Hearing and Appeal Council in Falls Church, Virginia does not need to make a decsion on the claimant's appeal and the honorable District Court also violated the 5th Amendment Due Process Clause to the U.S. Constitution without reasonable substitution or option this should shock the conscience of the honorable District Court.

(Doc. 2, p. 2.)

Regardless, on December 15, 2009, Defendant filed a Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust His Administrative Remedies (Doc. 12), arguing that Plaintiff has not received a final decision from the Commissioner of Social Security because he filed a request with the agency for a hearing on their decision to deny him benefits, and that

request is still pending.[1] (*Id*. at 2.) Attached to Defendant's motion to dismiss is a document labeled "Declaration of Earnest Baskerville Court Case Preparation and Review Branch 3 Office of Disability Adjudication and Review Social Security Administration" (Doc. 12-1) in which Mr. Baskerville relates that on June 25, 2004, an Administrative Law Judge issued a decision denying Plaintiff's claims for a period of disability, disability insurance benefits, and supplemental social security income, but that Plaintiff never filed a request to have that decision reviewed. (*Id*. at 2-3.) Mr. Baskerville also reveals that Plaintiff made "subsequent" claims for a period of disability, disability benefits, and supplemental social security income on June 22, 2009, and when this second set of claims was denied on August 10, 2009, that Plaintiff filed a request for a hearing of these claims, a request that is still currently pending. (*Id*. at 3.)

**II. Discussion.**

**A.** *Absence of a Final Decision*

42 U.S.C. § 405(g) states, in part:

Any individual, *after any final decision of the Commissioner of Social Security made after a hearing to which he was a*

---

[1] Plaintiff's applications for benefits were denied on August 10, 2009; Plaintiff filed the current action on September 4, 2009; and then (strangely) Plaintiff filed a request for hearing with the Social Security Administration on October 5, 2009. (*Id*.)

> *party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

*Id.* (emphasis added). 42 U.S.C. § 405(h) continues by explaining that it is the sole source of jurisdictional authority for judicial review of a decision of the Commissioner of Social Security:

> The findings and decision of the Commissioner of Social Security *after a hearing* shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided*. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

*Id*. (emphasis added).

The above language highlights the major deficiency of Plaintiff's current filing: because his request for a hearing regarding the denial of his benefits is still pending, and his claims do not fit into the parameters of the sole jurisdictional vehicle that would properly bring his claims before this Court, as there has been no final decision regarding them. Remember, as the Supreme Court said in *United States v. Babcock*, 250 U.S. 328, 39 S.Ct. 464 (1919), "the United States, when it creates rights in individuals against

4

itself, is under no obligation to provide a remedy through the courts," and "where a statute [such as 42 U.S.C. §§ 405(g) and (h)] creates a right and provides a special remedy, that remedy is exlusive." *Id.* at 331 (internal citations omitted). In the specific context of social security, the Eleventh Circuit has added that "the remedies outlined [in 42 U.S.C. § 405(g)] are the exclusive source of federal court jurisdiction over cases involving [social security income]." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (2007). *See also Barron v. Astrue*, 2009 WL 3642768, *1 (M.D.Ga.) (stating that "[t]he exclusive jurisdictional basis for judicial review of final decisions on claims arising under Title II and/or Title XVI of the Act is provided for and limited by sections 205(g) and (h), 42 U.S.C. § 405(g) and (h)."); *Wimberly v. Astrue*, 2009 WL 4730310, *2 (M.D.Ga.) ("42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review of cases arising under the Act.").

Although the term "final decision" is undefined by the statute, the Act instead "leav[es] it to the Commissioner to give meaning to that term through regulations." *Wimberly*, 2009 WL 4730310, *2 (citing *Sims v. Apfel*, 530 U.S. 103, 106 (2000)). *See also Weinberger v. Salfi*, 422 U.S. 749, 767 (1975) (same). 20 C.F.R. § 404.900, then, details the existence of

5

four (4) distinct steps that must be completed before a decision becomes final:

> (a) Explanation of the administrative review process. This subpart explains the procedures we follow in determining your rights under title II of the Social Security Act. The regulations describe the process of administrative review and explain your right to judicial review after you have taken all the necessary administrative steps. These procedures apply also to persons claiming certain benefits under title XVIII of the Act (Medicare); see 42 CFR 405.701(c). The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order:
>
> (1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in § 404.902, that gives you a right to further review.
>
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
>
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.
>
> (5) Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, *we will have made our final decision*. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.

> (6) Expedited appeals process. At some time after your initial determination has been reviewed, if you have no dispute with our findings of fact and our application and interpretation of the controlling laws, but you believe that a part of the law is unconstitutional, you may use the expedited appeals process. This process permits you to go directly to a Federal district court so that the constitutional issue may be resolved.

20 C.F.R. § 404.900(a) (emphasis added). Here, it is easy to see where Plaintiff's argument fell off the tracks. After receiving an unfavorable initial determination concerning his current claims, Plaintiff failed to seek reconsideration through the Administration, and instead requested a hearing before an administrative law judge (ALJ). Even if this had been the correct step in the sequence, however, Plaintiff would still not have received a final decision, as his request for a hearing *is still pending*. As the regulation immediately above clearly indicates, an Appeals Council decision must be passed down *after* the hearing (or after the request for a hearing is denied) in order for a final decision to be issued. Clearly, then, Plaintiff's claims have not undergone at least two of the clearly-outlined steps necessary for Plaintiff to have received a final decision and thus invoke the jurisdiction of this Court.

### B. *Exception Inapplicable to Plaintiff*

There exists one exception to the exhaustion doctrine outlined above.

7

In *Heckler v. Ringer*, 466 U.S. 602 (1984), the Court outlined three scenarios in which it may be proper for the exhaustion requirement to be waived: (1) where the Secretary has waived the exhaustion requirement, believing exhaustion to be futile; (2) where a plaintiff raises a claim that is "wholly collateral to their claim for benefits under the Act;" and (3) where a plaintiff can make a "colorable claim" that an erroneous denial of benefits at the early stages of the process will "injure them in a way that cannot be remedied by the later payment of benefits." *Id.* at 618 (internal citations omitted). It is readily apparent to the undersigned that Plaintiff Anderson has not satisfied any of these requirements, and so the exhaustion requirement concerning his current claims is not, and has not been, waived.

As a result, Plaintiff Anderson's claims have not been subject to a final decision, and his complaint should be dismissed for lack of subject matter jurisdiction. *See, e.g., Heckler*, 466 U.S. at 618, 626 (upholding dismissal of Social Security claims where the exhaustion requirement was not met); *Jackson*, 506 F.3d at 1358 (same); *Cochran v. U.S. Health Care Financing Admin.*, 291 F.3d 775 (11th Cir. 2002) (same); *Wimberly*, 2009 WL 4730310 at *3 (same).

**III.    Conclusion.**

8

For all of the above reasons, it is the undersigned's recommendation that Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust His Administrative Remedies, (Doc. 12) be **GRANTED** and that Plaintiff's claims be **DISMISSED**.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 15th day of January, 2010.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. ***Objection***. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                       s/WILLIAM E. CASSADY
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).